**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMBASSADOR ANIMAL HOSPITAL, LTD., Individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| | ) | No. 1:20-cv-3326 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| HILL'S PET NUTRITION, INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1367 and 1441, Defendant Hill's Pet Nutrition, Inc., ("Defendant") hereby notices removal of the above-captioned state court civil action pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (Case No. 2020CH3822), to the United States District Court for Northern District of Illinois. The Complaint asserts a federal law claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and a state law claim for conversion. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

In further support of this Notice of Removal, Defendant states as follows:

**PROCEDURAL HISTORY**

1. On April 13, 2020, Plaintiff Ambassador Animal Hospital, Ltd., filed this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. A true and correct copy of the Complaint and its exhibits are attached as **Exhibit 1**. A copy of the summons and proof of service, as served on Defendant, is attached as **Exhibit 2**. The Circuit Court of Cook County, Illinois, County Department, Chancery Division, Civil Cover Sheet is

4817-5586-4253

attached as **Exhibit 3**. Plaintiff's Motion for Class Certification and Notice of Motion are attached as **Exhibit 4**. An April 13, 2020, preservation demand letter directed at Defendant is attached as **Exhibit 5**. Exhibits 1-5 constitute all process, pleadings, and orders served upon Defendant. A true and correct copy of the state court docket is attached as **Exhibit 6**.

2. Count I of the Complaint asserts a claim against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. *See* Ex. 1 ¶¶ 27–44.

3. Count II of the Complaint asserts a claim against Defendant for common law conversion. *See id.* ¶¶ 45–52.

4. Plaintiff claims no actual damages under the TCPA for the fax allegedly transmitted by Defendant and instead demands only statutory damages in the amount of $500 to $1,500 for each alleged violation of the TCPA. *See id.* at p. 11.

## PARTIES

5. Plaintiff is an Illinois corporation with its principal place of business in Oak Park, Illinois. *Id.* ¶ 9.

6. Defendant is a Delaware corporation with its principal place of business in Topeka, Kansas. *Id.* ¶ 10.

## TIMELINESS OF REMOVAL

7. Defendant was served on May 7, 2020. Ex. 2. This Notice of Removal has been filed within 30 days of service. This Notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL JURISDICTION

8. This Court has original jurisdiction over these proceedings pursuant to 28 U.S.C. § 1331 because the Complaint presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Count I of the Complaint alleges a violation of the TCPA, a federal law.

2

4817-5586-4253

9.      Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  As set forth above, the Court has original jurisdiction over Plaintiff's claims under § 1331 because the claims arise under the laws of the United States.  Therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).  *See Benedia v. Super Fair Cellular, Inc.*, No. 07 C 01390, 2007 WL 2903175, at *1 (N.D. Ill. Sept. 26, 2007) ("TCPA claims brought in state court may be removed to federal court under *either* the Class Action Fairness Act ('CAFA') *or* the general removal provision, 28 U.S.C. § 1441(a) … because 'a claim that a business violated the Telephone Consumer Protection Act arises under federal law'" (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450 (7th Cir. 2005)).  *See also Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745 (2012).

10.      This Court also has supplemental jurisdiction over Count II of the Complaint pursuant to 28 U.S.C. § 1367(a) because it arises out of the same series of events that give rise to Plaintiff's TCPA claim, and both claims form part of the same case or controversy.  *See* 28 U.S.C. § 1367(a).

## REMOVAL TO THE NORTHERN DISTRICT OF ILLINOIS IS PROPER

11.      Pursuant to 28 U.S.C. § 1441(a), this Court is a proper venue for this action because the Eastern Division of the United States District Court for the Northern District of Illinois embraces Cook County, where the state-court action was pending.  *See* 28 U.S.C. § 93(a).

## NOTICE TO STATE COURT AND PLAINTIFF

12.      Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, and promptly served upon counsel for Plaintiff.

3

4817-5586-4253

WHEREFORE, the case now pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2020CH3822, is hereby removed to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1441.

Dated:  June 5, 2020

Respectfully submitted,

**HILL'S PET NUTRITION, INC.**

By:  /s/  *Erika A. Dirk*
One of Its Attorneys

Erika A. Dirk
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone:  (312) 704-7700
Facsimile:  (312) 558-1195
Email: eadirk@shb.com

Tammy B. Webb (*pro hac vice pending*)
SHOOK, HARDY & BACON L.L.P.
One Montgomery Tower, Suite 2600
San Francisco, CA  94104-4505
(415) 544-1900
tbwebb@shb.com

Rebecca J. Schwartz (*pro hac vice pending*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108-2613
(816) 474-6550
rschwartz@shb.com

4817-5586-4253

5

## CERTIFICATE OF SERVICE

I, Erika A. Dirk, an attorney, hereby certify that on **June 5, 2020**, I caused a true and

complete copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** to be

electronically filed with the Court and served on the following counsel of record via Electronic

Mail at the following addresses.

> Phillip A. Bock
> **Bock, Hatch, Lewis & Oppenheim, LLC**
> 134 N. LaSalle Street, Suite 1000
> Chicago, Illinois 60602
> phil@classlawyers.com
> service@classlawyers.com
>
> *Counsel for Plaintiff*

/s/  *Erika A. Dirk*

5

4817-5586-4253