UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMBASSADOR ANIMAL HOSPITAL, LTD., individually and as the representative of a class of similarly-situated persons, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 20-cv-3326<br>)<br>) |
| HILL'S PET NUTRITION, INC, | )<br>) |
| Defendant. | ) |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Ambassador Animal Hospital, Ltd. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly-situated and, except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge except as stated otherwise, allege the following upon information and belief against Hill's Pet Nutrition, Inc. ("Hill's" or "Defendant"):

## PRELIMINARY STATEMENT

1. On behalf of itself and the class, Plaintiff seeks statutory damages and other relief from Defendant's practice of sending unsolicited advertisements by facsimile.

2. Defendant has sent advertisements by facsimile in an attempt to market or sell property, goods, or services.

3. The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits any person or entity from sending or having an agent send any "unsolicited advertisement" by facsimile ("junk faxes" or "unsolicited faxes").

4. The TCPA mandates that if a person or entity sends an otherwise-unsolicited advertisement by facsimile to a fax recipient with which the sender has an "established business relationship," then the sender must include a specific, clear, and conspicuous opt-out notice on the first page of the advertisement. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5. The TCPA provides a private right of action and provides minimum statutory damages of $500 per violation. If the Court finds the advertisements were sent knowingly or willfully, then the Court can increase the damages up to three times $500.

6. Unsolicited faxes damage their recipients. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, use paper and ink toner for the sender's marketing purposes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

7. On behalf of itself and all others similarly-situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA and the common law of conversion.

8. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff is an Illinois corporation with an Illinois principal place of business.

10. Defendant is a Delaware corporation with a Kansas principal place of business.

11. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the TCPA, a federal statute.

12. Personal jurisdiction exists in Illinois because Defendant injured Plaintiff in Illinois, and Defendant has transacted business and made or performed contracts substantially connected with the State.

13. Venue is proper in this District of Illinois because Plaintiff resides in this District, Defendant has sufficient contacts with this District, and a significant portion of the relevant events took place here.

## FACTS

14. Defendant is a pet nutrition company.

15. On information and belief, Defendant has sent thousands of advertisements in fax broadcasts to one or more lists of targeted recipients throughout the United States and throughout the class period alleged herein. Two of those faxes were sent to Plaintiff in March and May 2018, copies of which are attached as Exhibit A.

16. Plaintiff received the faxes on a traditional fax machine, which automatically printed them. Plaintiff's facsimile machine has the capacity to

3

transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper.

17. Exhibit A and other faxes sent by or on behalf of Defendant advertised goods, products, or services available for purchase from Defendant.

18. Plaintiff is among the persons to whom Defendant sent advertisements by fax.

19. Plaintiff did not expressly invite or give permission to anyone to send Defendant's advertisement by fax.

20. Defendant's faxes did not contain the opt-out notice required by the TCPA. *See, e.g.*, Exhibit A.

21. On information and belief, Defendant sent faxes to Plaintiff and more than 39 other recipients without their prior express permission or invitation, and without the opt-out notice required on faxes sent to persons with whom Defendant can demonstrate an "established business relationship." This allegation is based, in part, on the fact that Plaintiff never expressly invited or permitted anyone to send the subject fax advertisements to them, that sending advertisements by fax is an inexpensive way to reach a wide audience, and the faxes attached as Exhibit A have no opt-out notice.

## CLASS REPRESENTATION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of itself and a class of all others similarly-situated as members of the class, and initially defined as follows:

4

> All persons sent at least one telephone facsimile message (a "fax"): (1) on or after April 13, 2016; (2) from or on behalf of Hill's; (3) advertising goods, products or services of Hill's; (4) without the fax recipient's prior express invitation or permission; and (5) without the clear and conspicuous opt-out notice required by 47 C.F.R. § 64.1200 (a) (4) (iii).

Plaintiff anticipates modifying the proposed class definition-including proposing subclasses if appropriate-after discovery about the scope of Defendant's fax advertising practices as well as discovery as to any potential affirmative defenses Defendant may plead.

23. Excluded from the class are Defendant, any entity in which Defendant have a controlling interest, any officers or directors of Defendant, the legal representatives, heirs, successors, and assigns of Defendant, and any Judge assigned to this action, and his or her family.

24. On information and belief, Defendant's fax advertising campaigns involved other, substantially-similar advertisements also sent without the opt-out notice required by the TCPA. Plaintiff intends to locate those advertisements in discovery. Exhibit B, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

25. This action is brought, and may properly be maintained as, a class action under Federal Rule of Civil Procedure 23. This action satisfies the class action prerequisites because the class is too numerous for individual joinder, common questions of law or fact predominate over individual questions, the representative parties and their attorneys will fairly and adequately protect the interests of the entire class, and this class action is an appropriate method for the fair and efficient adjudication of the controversy.

26. **Numerosity/Impracticality of Joinder**: On information and belief, the class includes more than thirty-nine persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but can be obtained from Defendant's records or the records of third parties.

27. **Questions of Law or Fact Common to the Class**: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

    a.    Whether Defendant sent unsolicited advertisements by fax;

    b.    Whether Defendant's faxes, or the presentations promoted in the faxes, advertised the commercial availability or quality of any property, goods, or services;

    c.    The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which its advertisements were sent by fax;

    d.    Whether Defendant faxed advertisements without first obtaining the targets' express permission or invitation;

    e.    Whether Defendant included clear and conspicuous opt-out notices on its faxed advertisements, including all content the TCPA requires;

      f.    Whether Defendant is directly or vicariously liable for violating the TCPA;

      g.    Whether Plaintiff and the other class members are entitled to statutory damages;

      h.    Whether Defendant should be enjoined from faxing advertisements in the future;

      i.    Whether the Court should award trebled damages; and

      j.    Whether Defendant's conduct constituted common law conversion.

28.    **Typicality.** Plaintiff's claims are typical of the other class members' claims.

29.    **Fair and Adequate Representation**. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff does not have any interest adverse to the class. Plaintiff has retained counsel who are experienced in class action litigation generally and the TCPA specifically.

30.    **Predominance and Superiority**. The questions of fact or law common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy regarding Defendant's fax advertisements. The class members have little or no interest in individually controlling the prosecution of separate actions regarding Defendant's faxes, there appears to be no other litigation concerning this controversy, there is nothing undesirable about concentrating the

litigation of these claims in this court, and Plaintiff envisions no difficulty in the management of this case as a class action.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32. Plaintiff brings Count I on behalf of itself and a class of similarly-situated persons.

33. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

34. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

35. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

8

47 U.S.C. § 227 (b) (3).

36. In relevant part, the TCPA states that "[t]he [Federal Communications] Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous. . . ." 47 U.S.C. § 227 (b) (2) (D) (i).

37. Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful. . . ." 47 U.S.C. § 227 (b) (2) (D) (ii). The shortest reasonable time has been determined to be thirty (30) days. 47 C.F.R. § 64.1200 (a) (4) (iii) (B).

38. The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice. . . ." 47 U.S.C. § 227 (b) (2) (D) (iv).

39. "A notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (v) the telephone and facsimile

9

machine numbers and the cost-free mechanism . . . permit an individual or business to make such a request at any time on any day of the week." 47 U.S.C. § 227 (b) (2) (D) (v).

40. The FCC's regulations of opt-out notices on facsimile advertisements are set forth at 47 C.F.R. § 64.1200 (a) (4) (iii)

41. The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful. 47 U.S.C. § 227.

42. Defendant violated 47 U.S.C. § 227 *et seq.* by sending advertisements by fax to Plaintiff and the other class members without their prior express invitation or permission and, to the extent Defendant will contend they sent the facsimiles on the basis of "established business relationship," by failing to include the clear, conspicuous, and content-rich opt-out notice required on the first page of each such facsimile.

43. Facsimile advertising imposes burdens on unwilling recipients that are distinct from those imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients know how to prevent and avoid future fax transmissions of advertising material, and to provide the various cost-free means Congress required to be made available to do so. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the recipients are unable to stop the burdens imposed by this form of advertisement.

44. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were negligent.

45. Defendant is liable because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on its behalf, or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority and ratification.

46. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to send them advertisements by facsimile and that the faxes did not display the opt-out notices required by the TCPA (including the FCC's regulations).

47. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, the subject faxes used Plaintiff's and the class's fax machines. The subject faxes cost Plaintiff time, as Plaintiff's valuable time was wasted receiving and reviewing Defendant's illegal faxes, time that otherwise would have been spent on Plaintiff's business activities. Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of the faxes occurred outside Defendant's premises.

48. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff demands judgment, individually and on behalf of all others similarly-situated, against Defendant as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in statutory damages for each of Defendant's violations of the TCPA;

C. That the Court treble those statutory damages to $1,500 per violation if it finds that Defendant's conduct was knowing or willful;

D. That the Court enter an injunction prohibiting Defendant from sending advertisements by facsimile in violation of the TCPA; and

E. That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

49. Plaintiff incorporates all paragraphs preceding Count I as though fully set forth herein.

50. Plaintiff brings Count II on behalf of itself and a class of similarly-situated persons and alleging claims under the common law of conversion.

12

51. By sending unsolicited faxes to Plaintiff and the other class members, Defendant improperly and unlawfully converted their fax machines, toner and paper to Defendant's own use. Defendant also converted the recipients' time to its own marketing use.

52. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

53. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to its own use. Such misappropriation was wrongful and without authorization.

54. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

55. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

56. Each of Defendant's unsolicited faxes that Plaintiff received effectively stole Plaintiff's time by forcing one or more employees to receive, review, and act upon Defendant's illegal faxes. Just the time spent in retrieving an unsolicited facsimile from the fax machine, reviewing it, and tossing it in the garbage can is burdensome and wasteful and converts Plaintiff's valuable time to Defendant's

marketing effort. Defendant knew or should have known business time is valuable to Plaintiff.

WHEREFORE, Plaintiff demands judgment in favor of itself and the entire class of similarly-situated others and against Defendant as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award punitive damages.

D. That the Court award reasonable attorney's fees;

E. That the Court award costs of suit; and

F. That the Court award such further relief as it may deem just and proper.

Respectfully submitted,

AMBASSADOR ANIMAL HOSPITAL, LTD., individually and as the representative of a class of similarly-situated persons,

By:     /s/ Phillip A. Bock
        One of its attorneys

Phillip A. Bock (ARDC #6224502)
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555
Email: service@classlawyers.com