UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMBASSADOR ANIMAL HOSPITAL, LTD., individually and as the representative of a class of similarly situated persons, | No. 20 C 3326 |
| Plaintiff, | Judge Thomas M. Durkin |
| v. | |
| HILL'S PET NUTRITION, INC., | |
| Defendant. | |

ORDER

Ambassador Animal Hospital has filed a class action complaint alleging that Hill's Pet Nutrition sent it a fax in violation of the Telephone Consumer Protection Act ("TCPA"). Hill's has moved to strike Ambassador's class allegation. R. 37.

The Federal Communications Commission has "authority to issue regulations implementing the [TCPA]." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 687 (7th Cir. 2013). A decision last year by the FCC's Consumer and Governmental Affairs Bureau (the "Bureau") held that the TCPA applies only to faxes received by traditional fax machines that print on paper, and not faxes that are received by a computer. *See In the Matter of Amerifactors Fin. Grp., LLC Petition for Expedited Declaratory Ruling Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prot. Act of 2005*, No. 05-338, 2019 WL 6712128, at *1 (OHMSV Dec. 9, 2019). Based on this decision, Hill's argues that Ambassador's class allegation must be stricken because it impermissibly includes faxes received by computers and there is no

practical way to distinguish between the two kinds of faxes in order to establish a viable class.

In its opening brief, Hill's argues that the Bureau's decision is binding on this Court. But as Ambassador points out in its brief, a court in this district recently held that it is not binding because it was issued by "a subordinate unit of the FCC," and an application for review by the full FCC is pending. *See Mussat v. IQVIA Inc.*, 2020 WL 5994468, at *3 (N.D. Ill. Oct. 9, 2020). In its reply brief, Hill's does not substantively refute *Mussat*, arguing instead that the Court should find the Bureau's decision persuasive and adopt its reasoning. *See* R. 49 at 6 ("The application for review does not preclude this Court from interpreting the TCPA as a matter of law within the bounds of its own authority and discretion as an Article III tribunal."). The problem with this invitation is that the Bureau's decision flies in the face of years of precedent, established by the FCC and affirmed by the Seventh Circuit, that the TCPA covers faxes sent to computers in addition to traditional fax machines. *See Ira Holtzman*, 728 F.3d at 684 ("Even a recipient who gets the fax on a computer and deletes it without printing suffers some loss[.]"); *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14133 (2003) ("We conclude that faxes sent to personal computers equipped with, or attached to, modems and to computerized fax servers are subject to the TCPA's prohibition on unsolicited faxes."). The Court will not act contrary to this binding precedent unless and until it is finally reversed.

Therefore, Hill's motion to strike the class allegations [37] is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: February 17, 2021